**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARMEN HURTADO, | ) | Civil Action No.   2:19-cv-00211 |
| OSWALD B. MARTINEZ, | ) | |
| CYNTHIA A. MARTINEZ, | ) | |
| ULIE S. ALFORD III, | ) | |
| DEREK ALFORD, | ) | |
| LORRAINE ALFORD-PETERSON | ) | |
| BRENDA DANIELS-PRICE, | ) | |
| LaTOYIA ALFORD-BEAL | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| UNKNOWN HEIRS OF | ) | |
| ULIE S. ALFORD II, DECEASED, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, by the authority of the Attorney General of the United States

and through the undersigned attorneys, acting on behalf of the Administrator of the United States

Environmental Protection Agency ("EPA"), files this Complaint seeking access to the yards of

three parcels of residential real property ("Three Properties") located within the U.S. Smelter and

Lead Refinery, Inc. Superfund Site ("Site") in East Chicago, Indiana, and alleges as follows:

### Nature of Action

1.      The Three Properties that are the subject of this Complaint are located at 4805

Grasselli Ave., 4907 Drummond St., and 4902-04 Ivy St., all in East Chicago, Indiana.  4805

Grasselli Ave. is occupied by tenants.  The other two appear to be abandoned.  EPA seeks access

to the Three Properties to clean up soil that is contaminated with lead and/or arsenic in the yards

of the properties.  This is a civil action brought by the United States pursuant to Section 104(e)

of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"),

as amended, 42 U.S.C. § 9604(e), against individuals with potential ownership interests in those

properties:  Defendants Carmen Hurtado, Cynthia A. Martinez, Oswald B. Martinez, Ulie S.

Alford III, Derek Alford, Lorraine Alford-Peterson, Brenda Daniels-Price, LaToyia Alford-Beal,

and Unknown Heirs of Ulie S. Alford II, deceased (collectively, the "Defendants").  The

whereabouts of the Defendants are unknown and EPA has been unable to obtain consent for

access to any of the Three Properties.  Through this action, the United States seeks orders

("Access Orders") providing EPA and its designated representatives with a right of access to the

Three Properties for the purpose of conducting additional soil sampling as needed, excavating

the contaminated soil and replacing it with clean soil and new grass, disposing of the

contaminated soil off-site and maintaining the new grass for a period of 30 days.

### Jurisdiction and Venue

2.      This Court has exclusive jurisdiction over the subject matter of this action and

personal jurisdiction over the Defendants under CERCLA Section 113(b), 42 U.S.C. § 9613(b),

and 28 U.S.C. §§ 1331 and 1345.

3.      Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA,

42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the release or threatened release of a

hazardous substance or substances that gives rise to this claim occurred and is occurring in this

district and the Three Properties are located within this district.

**Defendants**

4.      Carmen Hurtado is the owner of record for 4805 Grasselli Ave, according to Lake County land records.  There is no "last known" address for Defendant Hurtado.  EPA has only a phone number for Defendant Hurtado.

5.      Oswald B. Martinez and Cynthia A. Martinez are the owners of record for 4907 Drummond St., according to Lake County land records.  Their last known address is believed to be in Chicago, Illinois.

6.      Ulie S. Alford II (Mr. Alford is often referred to without the "II," but we have included the "II" in this Complaint for clarity) is listed as the owner of 4902-04 Ivy St. in Lake County land records.  Mr. Alford died intestate on August 24, 2016.  He was unmarried at the time of his death and is believed to be survived by five children:  Ulie S. Alford III, whose last known address is believed to be in Atlanta, Georgia; Derek Alford, whose last known address is believed to be in East Chicago, Indiana; Lorraine Alford-Peterson, whose last known address is believed to be in Detroit, Michigan; Brenda Daniels-Price, whose last known address is believed to be in Atlanta, Georgia; and LaToyia Alford-Beal, whose last known address is believed to be in Gary, Indiana.  Any unknown heirs of Ulie S. Alford II are also named as Defendants.

**Statutory Background**

7.      CERCLA Section 104, 42 U.S.C. § 9604, grants EPA broad authority to obtain access to property for its employees and authorized representatives to identify and address potential releases or threatened releases of hazardous substances.

8.      CERCLA Section 104(e), 42 U.S.C. § 9604(e), provides in pertinent part:

> (e) Information gathering and access

> (1) Action authorized

Any officer, employee, or representative of the President . . . is authorized to take action under paragraph (2), (3), or (4) (or any combination thereof) at a vessel, facility, establishment, place, property, or location . . . . The authority of paragraphs (3) and (4) may be exercised only if there is a reasonable basis to believe there may be a release or threat of release of a hazardous substance or pollutant or contaminant. The authority of this subsection may be exercised only for the purposes of determining the need for response, or choosing or taking any response action under this subchapter, or otherwise enforcing the provisions of this subchapter.

* * *

(3) Entry

Any officer, employee, or representative described in paragraph (1) is authorized to enter at reasonable times any of the following:

(A) Any vessel, facility, establishment, or other place or property where any hazardous substance or pollutant or contaminant may be or has been generated, stored, treated, disposed of, or transported from.

(B) Any vessel, facility, establishment, or other place or property from which or to which a hazardous substance or pollutant or contaminant has been or may have been released.

(C) Any vessel, facility, establishment, or other place or property where such release is or may be threatened.

(D) Any vessel, facility, establishment, or other place or property where entry is needed to determine the need for response or the appropriate response or to effectuate a response action under this subchapter.

9.      CERCLA Section 104(e)(4), 42 U.S.C. § 9604(e)(4), authorizes any officer,

employee or representative designated under CERCLA Section 104(e)(1), 42 U.S.C.

§ 9604(e)(1), to inspect and obtain samples from any facility, establishment, or other place or

property referred to in CERCLA Section 104(e)(3), 42 U.S.C. § 9604(e)(3), or from any location of any suspected hazardous substance or pollutant or contaminant.

10.     CERCLA Section 104(a)(1), 42 U.S.C. § 9604(a)(1), provides that whenever there is a release or substantial threat of release of a hazardous substance into the environment, EPA "is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance . . . or take any other response measure consistent with the national contingency plan" that EPA deems necessary to protect the public health or welfare or the environment.

11.     CERCLA Section 104(e)(5)(B), 42 U.S.C. § 9604(e)(5)(B), provides that the United States may commence a civil action to either compel compliance with a request for access or to compel compliance with an administrative order for access. The statute provides that, where there is a reasonable basis to believe there may be a release or threat of a release of a hazardous substance, pollutant, or contaminant, the court "shall enjoin" interference with an EPA request or order for entry "unless under the circumstances of the case the demand for entry or inspection is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 9604(e)(5)(B)(i).

12.     CERCLA Section 104(e)(6), 42 U.S.C. § 9604(e)(6), provides that nothing in CERCLA Section 104(e) shall preclude EPA from securing access in any other lawful manner.

**General Allegations**

13.     Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

**The Site**

14.     The Three Properties are located within the U.S. Smelter and Lead Refinery, Inc. Superfund Site ("Site") in East Chicago, Indiana.  The Site has been divided into two operable units ("OUs").

15.     Operable Unit 1 ("OU1") is a predominantly residential neighborhood known as the "Calumet" neighborhood of East Chicago and is generally bounded by East Chicago Avenue on the north, Parrish Avenue on the east, 151st Street/149th Place on the south, and the Indiana Harbor Canal on the west.  OU2 includes the 79-acre former USS Lead facility on Kennedy Avenue and the groundwater beneath the entire Site.

16.     OU1 has been further subdivided into Zones 1, 2, and 3.  The Three Properties are located within Zone 3 of OU1 at the Site.

17.     Contamination in the residential neighborhoods in OU1 is largely derived from historic operations at three nearby facilities: (a) the USS Lead facility; (b) a facility formerly located in Zone 1 that was owned and operated by subsidiaries of the Anaconda Copper and Mining Company; and (c) the E. I. du Pont de Nemours facility located just southeast of OU1.

**Prior Response Actions and EPA's General Access Efforts in Zone 3**

18.     In April 2009, EPA placed the Site on the CERCLA National Priorities List.

19.     After studying the residential areas of the Site from June 2009 to June 2012, EPA identified lead and arsenic in soil as the contaminants of concern.

20.     In November 2012, EPA issued its Record of Decision for OU1 ("2012 ROD") and selected the following remedy for the residential areas:

(a) Excavation of soil that contains lead or arsenic in concentrations that exceed 400 parts per million ("ppm") lead and/or 26 ppm arsenic (the "Remedial Action Levels" or "RALs") to a maximum excavation depth of 24 inches;

(b) Disposal of excavated soil at an appropriate off-site landfill;

(c) If contaminated soil is identified at a depth greater than 24 inches below ground surface, then (i) placement of a visual barrier above the contaminated soil before the yard is backfilled with clean soil, and (ii) implementation of institutional controls to ensure that users of the property are not exposed to contaminated soil that remains at depth; and

(d) Restoration of each yard as close as practicable to its pre-remedial condition.

21.     In October 2014, this Court entered a consent decree ("2014 CD") between the United States and Indiana, as plaintiffs, and Atlantic Richfield Company ("ARC") and E. I. du Pont de Nemours and Company ("DuPont"), as defendants ("CD Defendants"), that addressed certain cleanup requirements at the Site. *United States and the State of Indiana v. Atlantic Richfield Co., et al.,* No. 2:14-cv-00312 (N.D. Ind.), ECF #8

22.     Under the 2014 CD, ARC and DuPont agreed, *inter alia*, to pay EPA for the costs it would incur to clean up yards with lead and/or arsenic levels exceeding the Remedial Action Levels in Zone 3 of the Site.

23.     Thereafter, The Chemours Company FC, LLC ("Chemours") assumed many of DuPont's responsibilities under the 2014 CD, although DuPont remained liable as well.

24.     EPA began collecting soil samples from the yards of Zone 3 properties in November 2014.  EPA secured access to sample the vast majority of the yards through voluntary access agreements with the owners.  Between 2016 and 2018, using these voluntary access agreements, EPA excavated and restored 278 Zone 3 properties that had contamination exceeding the RALs.

25.     By October 2018, EPA had sampled all Zone 3 residential properties except nine. Despite repeated requests for access, the owners of those nine properties – including the Defendants – were either unresponsive or refused to grant EPA access for soil sampling.

26.     To obtain access for soil sample collection at those nine properties, the U.S. Department of Justice ("DOJ") filed an application for administrative warrants in October 2018, and Judge Martin issued the warrants in November 2018.  *In re U.S. Smelter and Lead Refinery, Inc. Superfund Site*, No. 2:18-mc-100 (N.D. Ind.), ECF #s 1, 5-13.  EPA completed the soil sampling collection that same month.

27.     In January 2019, results from the laboratory analysis of the soil revealed contamination at five of the nine properties.  In February, EPA renewed its efforts to contact the owners of the five properties to secure access.  Two of the five owners signed voluntary access agreements and are not the subject of this case (one property had new ownership; the other owner decided to agree to the cleanup).

### The Need for Access to the Three Properties by EPA and its Representatives

28.     Lead and arsenic are hazardous substances within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

29.     To protect public health, public welfare, and the environment, EPA and its representatives must access the Three Properties to conduct soil remediation consistent with the requirements of the 2012 ROD.

### EPA's Efforts to Obtain Consent for Access to the Three Properties

30.     Since November 2014, EPA has made efforts to secure voluntary access agreements with the owners of all Zone 3 properties.

31.     EPA first hired a contractor called SulTRAC to identify the owners and attempt to secure access through property visits, mailings, and outreach to any available phone numbers or emails.

32.     SulTRAC successfully secured voluntary access agreements from the vast majority of the owners of the 481 properties in Zone 3.

33.     Starting in January 2018, EPA employees generally took over the efforts to secure access where SulTRAC had been unsuccessful.

34.     Over the course of approximately sixteen months, the list of properties where owners have not approved access for remediation has been reduced to the Three Properties.

35.     Since the start of 2018, EPA employees generally pursued the following steps to attempt to secure access to each of the Three Properties:  (1) they confirmed and re-confirmed the current owners in the Lake County property records, most recently in April 2019; 2) they conducted repeated searches, most recently in February 2019, of the Thomson-Reuters CLEAR database and LexisNexis Public Records database for phone and address information for the owners and their likely relatives; (3) they called available phone numbers of owners and their likely relatives repeatedly, leaving voicemails where possible and speaking with several relatives, as well as Defendant Carmen Hurtado, who refused access, (4) they visited the Lake County Probate Court for a review of possible probate records related to Ulie Alford II, the deceased owner of record of one of the properties; (5) they sent repeated certified, "return receipt requested" mailings to possible addresses for the owners of the Three Properties; (6) they visited the properties repeatedly, leaving dual-language information packets and blank access agreements with stamped, return-addressed envelopes.

**Parties Responsible for the Remedial Work and in Need of Access**

36.     The Atlantic Richfield Company, DuPont de Nemours and Company, and The Chemours Company ("Respondents") are the parties responsible for implementing the remedial work at the Three Properties pursuant to an EPA order issued to them on March 30, 2019.

*Unilateral Administrative Order for Remedial Action for Defined Properties in Operable Unit 1*

*of the U.S. Smelter and Lead Refinery, Inc., Superfund Site* ("2019 UAO").

37.     The work will be conducted through Respondents' EPA-approved project

coordinator, their EPA-approved supervising contractor, and the subcontractors of the

EPA-approved supervising contractor.  These individuals and firms have already been vetted by

EPA because they have performed other remedial work at properties in Zones 2 and 3.

### First Claim for Relief: Access Order for 4805 Grasselli Ave.

38.     Paragraphs 1 through 37 are re-alleged and incorporated by reference.

39.     Ms. Hurtado acquired the property at 4805 Grasselli Ave. on May 16, 2015, from

Martin and Hurt Hurtado.  According to county records, Ms. Hurtado remained the owner of

record through EPA's latest check of those records in April 2019.

40.     Laboratory analysis of soil samples collected from the property in November

2018 established that soil in the back yard of the property contains concentrations of arsenic that

exceed the Remedial Action Levels established in the 2012 ROD.

41.     In the course of the efforts to obtain voluntary access, EPA staff determined that

the residence at 4805 Grasselli Ave. is tenant-occupied.

42.     Despite the efforts described in Paragraph 35, in multiple phone calls from

August 2018 through May 2019, Ms. Hurtado has repeatedly refused to grant access to EPA and

its representatives to remediate contaminated soil at 4805 Grasselli Ave.

43.     EPA seeks access to 4805 Grasselli Ave., which is a facility, establishment, or

other place or property: (a) from which or to which a hazardous substance or pollutant or

contaminant has been or may have been released; (b) where a further release of a hazardous

substance is or may be threatened; and (c) where entry is needed to determine the need for

response or the appropriate response or to effectuate a response action.  CERCLA

§ 104(e)(3)(B)-(D), 42 U.S.C. § 9604(e)(3)(B)-(D).

44.    EPA and its representatives should be granted access to 4805 Grasselli Ave. for

the purpose of remediating the back yard, including conducting additional soil sampling as

needed, excavating the contaminated soil and replacing it with clean soil and new grass,

disposing of the contaminated soil off-site, and maintaining the new grass for 30 days.

### Second Claim for Relief: Access Order for 4907 Drummond

45.    Paragraphs 1 through 37 are re-alleged and incorporated by reference.

46.    Mr. and Mrs. Martinez acquired the property at 4907 Drummond St. on

February 27, 2006, from Helen Jelenski.  According to county records, they remained the owners

of record through EPA's latest check of those records in April 2019.

47.    Laboratory analysis of soil samples collected from the property in October 2018

established that soil in the front yard of the property contains concentrations of arsenic that

exceed the Remedial Action Levels established in the 2012 ROD.

48.    In the course of the efforts to obtain voluntary access, EPA staff observed signs

that 4907 Drummond St. is abandoned, including boarded entrances and overgrown vegetation.

49.    Despite the efforts described in Paragraph 35, Defendants Oswald and Cynthia

Martinez have been non-responsive to letters and phone calls seeking access to the property, and

their whereabouts are unknown.

50.    EPA seeks access to 4907 Drummond St., which is a facility, establishment, or

other place or property: (a) from which or to which a hazardous substance or pollutant or

contaminant has been or may have been released; (b) where a further release of a hazardous

substance is or may be threatened; and (c) where entry is needed to determine the need for

11

response or the appropriate response or to effectuate a response action.  CERCLA
§ 104(e)(3)(B)-(D), 42 U.S.C. § 9604(e)(3)(B)-(D).

51.     EPA and its representatives should be granted access to 4907 Drummond St. for
the purpose of remediating the front yard, including conducting additional soil sampling as
needed, excavating the contaminated soil and replacing it with clean soil and new grass,
disposing of the contaminated soil off-site, and maintaining the new grass for 30 days.

### Third Claim for Relief: Access Order for 4902-04 Ivy St.

52.     Paragraphs 1 through 37 are re-alleged and incorporated by reference.

53.     Ulie S. Alford II acquired the property at 4902-04 Ivy St. on December 29, 1976,
from Ulsie S. Alford (County records use the spelling "Ulsie," but it is possible that this is a typo
and the actual spelling was "Ulie").  According to County records, Ulie S. Alford II remained the
owner of the property through EPA's latest check of those records in April 2019.  However, Ulie
S. Alford II died intestate on August 24, 2016.  He was unmarried when he died and is believed
to be survived by five children: Ulie S. Alford III, Derek Alford, Lorraine Alford-Peterson,
Brenda Daniels-Price, and LaToyia Alford-Beal.

54.     Pursuant to Ind. Code § 29-1-2-1(d)(1), the five children share tenancy-in-
common ownership of the property since Ulie S. Alford II died intestate.

55.     Laboratory analysis of soil samples collected from the property in October 2018
established that soil in both the front and back yards of 4902-04 Ivy St. contains concentrations
of lead and arsenic that exceed the Remedial Action Levels established in the 2012 ROD.

56.     In the course of the efforts to obtain voluntary access, EPA staff observed signs
that the property is abandoned, including boarded entrances and overgrown vegetation.

57.     Despite the efforts described in Paragraph 35, Defendants Ulie S. Alford III, Derek Alford, Lorraine Alford-Peterson, Brenda Daniels-Price, and LaToyia Alford-Beal have been non-responsive to letters and phone calls.

58.     EPA seeks access to 4902-04 Ivy St., which is a facility, establishment, or other place or property: (a) from which or to which a hazardous substance or pollutant or contaminant has been or may have been released; (b) where a further release of a hazardous substance is or may be threatened; and (c) where entry is needed to determine the need for response or the appropriate response or to effectuate a response action.  CERCLA § 104(e)(3)(B)-(D), 42 U.S.C. § 9604(e)(3)(B)-(D).

59.     EPA and its representatives should be granted access to 4902-04 Ivy St. for the purpose of remediating both the front and back yards, including conducting additional soil sampling as needed, excavating the contaminated soil and replacing it with clean soil and new grass, disposing of the contaminated soil hazardous substances off-site, and maintaining the new grass for 30 days.

## Prayer for Relief

WHEREFORE, Plaintiff the United States of America respectfully requests this Court to:

1.     Issue an Access Order granting EPA and its designated representatives access to 4805 Grasselli Ave. for 90 days from the date that work begins in order to remediate the back yard, including conducting additional soil sampling as needed, excavating the contaminated soil and replacing it with clean soil and new grass, disposing of the contaminated soil off-site, and maintaining the new grass for 30 days.

2.     In the Access Order requested in Paragraph 1, enjoin Defendant Carmen Hurtado from any interference with EPA's access to the property during the remediation.

3.      Issue an Access Order granting EPA and its designated representatives access to 4907 Drummond St. for 90 days from the date that work begins in order to remediate the front yard, including conducting additional soil sampling as needed, excavating the contaminated soil and replacing it with clean soil and new grass, disposing of the contaminated soil off-site, and maintaining the new grass for 30 days.

4.      In the Access Order requested in Paragraph 3, enjoin Defendants Cynthia and Oswald Martinez from any interference with EPA's access to the property during the remediation.

5.      Issue an Access Order granting EPA and its designated representatives access to 4902-04 Ivy St. for 90 days from the date that work begins in order to remediate both the front and back yards, including conducting additional soil sampling as needed, excavating the contaminated soil and replacing it with clean soil and new grass, disposing of the contaminated soil off-site, and maintaining the new grass for 30 days.

6.      In the Access Order requested in Paragraph 5, enjoin Defendants Ulie S. Alford III, Derek Alford, Lorraine Alford-Peterson, Brenda Daniels-Price, LaToyia Alford-Beal, and Unknown Heirs of Ulie S. Alford II from any interference with EPA's access to the property during the remediation.

7.      Grant such other relief as this Court deems appropriate.


                         Respectfully Submitted,

                         WILLIAM D. BRIGHTON
                         Assistant Section Chief
                         Environment and Natural Resources Division
                         United States Department of Justice


14

s/ *Katherine A. Abend*
ANNETTE M. LANG
Senior Counsel
KATHERINE A. ABEND
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Phone:  202 514-2463
Fax:  202 616-6584
Katherine.Abend@usdoj.gov


THOMAS L. KIRSCH II
United States Attorney
Northern District of Indiana


s/ *Wayne T. Ault*
WAYNE T. AULT
Assistant United States Attorney
5400 Federal Plaza
Suite 1500
Hammond, IN  46320
Phone:  219 937-5500
Fax:  219 937-5547
wayne.ault@usdoj.gov


OF COUNSEL:
RACHEL TOENJES ZANDER
Associate Regional Counsel
U.S. EPA Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❑ 1   U.S. Government<br>     Plaintiff | ❑ 3   Federal Question<br>          *(U.S. Government Not a Party)* |
| ❑ 2   U.S. Government<br>     Defendant | ❑ 4   Diversity<br>          *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a<br>Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>❑ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product<br>  Liability<br>❑ 320 Assault, Libel &<br>  Slander<br>❑ 330 Federal Employers'<br>  Liability<br>❑ 340 Marine<br>❑ 345 Marine Product<br>  Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle<br>  Product Liability<br>❑ 360 Other Personal<br>  Injury<br>❑ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>❑ 365 Personal Injury -<br>  Product Liability<br>❑ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>❑ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal<br>  Property Damage<br>❑ 385 Property Damage<br>  Product Liability | ❑ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 840 Trademark<br><br>**LABOR**<br>❑ 710 Fair Labor Standards<br>  Act<br>❑ 720 Labor/Management<br>  Relations<br>❑ 740 Railway Labor Act<br>❑ 751 Family and Medical<br>  Leave Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Employee Retirement<br>  Income Security Act | ❑ 375 False Claims Act<br>❑ 376 Qui Tam (31 USC<br>  3729(a))<br>❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 490 Cable/Sat TV<br>❑ 850 Securities/Commodities/<br>  Exchange<br>❑ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts<br>❑ 893 Environmental Matters<br>❑ 895 Freedom of Information<br>  Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **SOCIAL SECURITY** | ❑ 896 Arbitration |
| ❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | ❑ 440 Other Civil Rights<br>❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/<br>  Accommodations<br>❑ 445 Amer. w/Disabilities -<br>  Employment<br>❑ 446 Amer. w/Disabilities -<br>  Other<br>❑ 448 Education | **Habeas Corpus:**<br>❑ 463 Alien Detainee<br>❑ 510 Motions to Vacate<br>  Sentence<br>❑ 530 General<br>❑ 535 Death Penalty<br>**Other:**<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition<br>❑ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | ❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>❑ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>❑ 871 IRS—Third Party<br>  26 USC 7609 | ❑ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>❑ 950 Constitutionality of<br>  State Statutes |
| | | **IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 465 Other Immigration<br>  Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ❑ 1  Original<br>      Proceeding | ❑ 2  Removed from<br>      State Court | ❑ 3  Remanded from<br>      Appellate Court | ❑ 4  Reinstated or<br>      Reopened | ❑ 5  Transferred from<br>      Another District<br>      *(specify)* | ❑ 6  Multidistrict<br>      Litigation -<br>      Transfer | ❑ 8  Multidistrict<br>      Litigation -<br>      Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

**DEMAND $**_____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❑ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____                    DOCKET NUMBER _____

DATE _____                    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

USDC IN/ND  case 2:19-cv-00211   document 1-1   filed 06/03/19   page 2 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>_____<br>*Plaintiff(s)*<br>v.<br>CARMEN HURTADO, et al.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.    2:19-cv-00211 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Cynthia A. Martinez
4907 Drummond Street
East Chicago, IN 46312

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Katherine A. Abend
U.S. Department of Justice, ENRD
Environmental Enforcement Serction
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>_____<br>*Plaintiff(s)*<br>v.<br>CARMEN HURTADO, et al.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   2:19-cv-00211

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Oswald B. Martinez
4907 Drummond Street
East Chicago, IN 46312

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Katherine A. Abend
U.S. Department of Justice, ENRD
Environmental Enforcement Serction
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| CARMEN HURTADO, et al. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.    2:19-cv-00211

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Brenda Daniels-Price
2980 Delmar Lane NW Apt B6
Atlanta, GA 30311-1138

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Katherine A. Abend
U.S. Department of Justice, ENRD
Environmental Enforcement Serction
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                          *Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br><br>_____<br><i>Plaintiff(s)</i><br>v.<br>CARMEN HURTADO, et al.<br><br>_____<br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.  2:19-cv-00211</td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Derek Alford
5628 Wegg Avenue
East Chicago, IN 46312

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Katherine A. Abend
U.S. Department of Justice, ENRD
Environmental Enforcement Serction
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No.   2:19-cv-00211 |
| CARMEN HURTADO, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LaToyia     Alford-Beal
3184   W.   21st Avenue
Gary,     IN 46404

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Katherine A. Abend
U.S. Department of Justice, ENRD
Environmental Enforcement Serction
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____                              _____
                                                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.   2:19-cv-00211 |
| CARMEN HURTADO, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Lorraine Alford-Peterson
23740 Fenkell St. Apt. 111C
Detroit, MI 48223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Katherine A. Abend
U.S. Department of Justice, ENRD
Environmental Enforcement Serction
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| CARMEN HURTADO, et al. | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.    2:19-cv-00211

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Ulie S. Alford, III
385 Holly Street NW Apt. 36
Atlanta, GA 30318-8193

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Katherine A. Abend
U.S. Department of Justice, ENRD
Environmental Enforcement Serction
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____                                     _____
                                                                                                    *Signature of Clerk or Deputy Clerk*